1  ANDREA M. MILLER [SBN: 88992]
   **NAGELEY, MEREDITH & MILLER, INC.**
2  8001 Folsom Boulevard, Suite 100
   Sacramento, CA  95826
3  Telephone: (916) 386-8282
   Facsimile:  (916) 386-8952
4  E-Mail:  amiller@nmlawfirm.com

5
   Attorneys for Defendants
6  ROSE ART INDUSTRIES, INC. and TOYS "R" US, INC.

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  WILLIAM FINLEY by and through his        )    **Case No.:**
    Guardian Ad Litem, SARA FINLEY,          )
13                                           )    **NOTICE OF REMOVAL OF ACTION**
                 Plaintiff,                  )    **UNDER 28 U.S.C. SECTIONS 1441(b)**
14                                           )    **AND 1334.**
          vs.                                )
15                                           )
    ROSE ART INDUSTRIES, INC., TOYS "R" )        **TRIAL DATE:**  Not Applicable
16  US, MEGABLOKS, INC., MEGA BRANDS, )
    INC., and DOES 1 through 100, inclusive, )
17                                           )
                 Defendants.                 )
18  _____ )

19          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20          PLEASE TAKE NOTICE that Defendants ROSE ART INDUSTRIES, INC. and

21  TOYS "R" US, hereby remove to this Court the state court action described below with

22  the consent and agreement of the remaining defendants, MEGABLOKS, INC. and

23  MEGA BRANDS, INC.

24          1.      On or about June 21, 2006, a First Amended Complaint was filed in the

25  Superior Court of the State of California in and for the County of Shasta entitled as the

26  caption above reflects.  A copy of that Complaint is attached hereto as Exhibit A.  The

27  original Complaint was not served and moving defendants have no copy of it.

28

2.      The First Amended Complaint was served by mail and received by removing defendants on July 10, 2006. See Declaration of Jennifer Zerczy [hereinafter "Zerczy Declaration"] at ¶ 5, attached hereto as Exhibit B.

3.      This matter is a civil action of which the court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441(a) and (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs because plaintiff seeks to recover in excess of $10 million pursuant to its Statement of Damages filed with the Shasta Superior Court. See Exhibit C.

4.      All of the named defendants, except possibly those sued under fictitious names, who may be disregarded for purposes of removal, see 28 U.S.C. § 1441(a), are corporate entities whose citizenship is determined based on their places of incorporation and their principal places of business. See 28 U.S.C. § 1332(c)(1).

5.      Each defendant satisfies the requirements of section 1332(c)(1) based on the following facts:

a.      Defendant ROSE ART INDUSTRIES, INC. is incorporated under the laws of the State of New Jersey and maintains its principal place of business there. See Zerczy Declaration, Exhibit B, at ¶ 4.

b.      Defendant TOYS "R" US is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of New Jersey. See Declaration of Karen McCann, attached hereto as Exhibit D, at ¶ 2.

c.      Defendant MEGABLOKS, INC., is incorporated under the laws of the Canada and maintains its principal place of business in Montreal, Quebec, Canada. See Zerczy Declaration, Exhibit B at ¶ 2.

- 2

1

d.       Defendant MEGA BRANDS, INC., is the same entity as

2

MEGABLOCKS, INC., insofar as MEGABLOCKS, INC. underwent a name change

3

only on June 15, 2006, and is now known as MEGA BRANDS, INC.  It is therefore

4

incorporated in Canada, and maintains its principal place of business in Montreal,

5

Quebec, Canada.  See id. at ¶ 3.

6

7

6.       Moving counsel does not represent defendants MEGABLOKS, INC. and

8

MEGA BRANDS, INC., but those entities have agreed to this removal.  See id. at ¶ 8.

9

7.       Plaintiff is a resident of the County of Shasta California.  See Exhibit A at ¶

10

1.

11

8.       Under the foregoing facts it is apparent that this matter is removable to this

12

court and that the action to remove it is timely under 28 U.S.C. section 1446(b).

13

9.       Notice of this Removal Petition was mailed to plaintiff's counsel on this

14

15

date.

16

DATED:  July 26, 2006                              NAGELEY, MEREDITH & MILLER, INC.

17

/s/

By: _____

18

ANDREA M. MILLER
Attorneys For Defendants

19

ROSE ART INDUSTRIES, INC.
AND TOYS R US, INC.

20

21

22

23

24

25

26

27

28

- 3

Exhibit "A"

FIRST AMENDED **SUMMONS**                                    **SUM-100**
*(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> ROSE ART INDUSTRIES, INC., believed to be a New <br> Jersey corporation; TOYS 'R' US, an unknown business <br> entity; MEGABLOKS, INC. a Canadian corporation; MEGA <br> BRANDS, INC., a Canadian corporation and DOES 1 <br> through 100, inclusive | FOR COURT USE ONLY <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **FILED** |
| **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> WILLIAM FINLEY, a minor by and through his guardian <br> ad litem, Sara Finley | JUN 2 1 2006 <br><br> CLERK OF THE SUPERIOR COURT <br> BY: G. HEUSON, DEPUTY CLERK |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Shasta County Superior Court <br> 1500 Court Street <br><br> Redding, CA 96001 | CASE NUMBER: <br> *(Número del Caso):* 156964 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert G. Simpson, Bar #067556                      (530) 241-1905   (530) 241-0622
Reiner, Simpson, Timmons & Slaughter                                 Facsimile
P. O. Box 494940
Redding, CA 96049-4940

DATE: JUN 21 2006                    Clerk, by _____ G. HEUSON _____, Deputy
*(Fecha)*                            *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | NOTICE TO THE PERSON SERVED: You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify):* <br><br> 3. ☐ on behalf of *(specify):* <br><br> under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor) <br>        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) <br>        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) <br>        ☐ other *(specify):* <br> 4. ☐ by personal delivery on *(date):*                                      Page 1 of 1 |

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004]

FIRST AMENDED **SUMMONS**        Legal Solutions Plus        Code of Civil Procedure §§ 412.20, 465

THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SHASTA

CASE NO. **156964**

NOTICE OF ASSIGNMENT FOR ALL
PURPOSES AND STATUS CONFERENCE

# INSTRUCTIONS
# READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to Hon. Jack Halpin _____ for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## STATUS CONFERENCE DATE

A status conference will be conducted in this action on ___8-14-06___ at ___1:30pm___ in Department ___4___, located at 1500 Court Street, Redding, California, 96001. All parties to this action are required to appear at the status conference.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of receipt of service from them of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE CONFERENCE DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

DATED:   1/3/05

Presiding Judge

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SHASTA

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

In compliance with California Rules of Court §1580-1590.3 litigants are offered the following described processes designed to provide an alternative to the use of the judicial system.

The plaintiff must serve a copy of this information package and the attached stipulation at the time of serving the complaint. Any party joining any new parties must serve a copy of this information package and the attached stipulation at the time of serving a pleading upon any new parties.

The six processes offered to the parties are:

1. Private Mediation
2. Judicial Mediation
3. Private Arbitration
4. Judicial Arbitration
5. Referee
6. Expedited Civil Trial

#### ADVANTAGES AND DISADVANTAGES OF ADR:

Advantages: ADR can have a number of advantages over a lawsuit. ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years. ADR can save money. Court costs, attorneys fees, and expert fees can be saved. ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome. ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute. ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other. ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years. ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

Disadvantages of ADR: ADR may not be suitable for every dispute. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit. Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

MEDIATION - Private and Judicial. The goal of mediation is to reach an agreement, resolving all or part of the dispute by fully exploring issues. Parties participate actively in the process to arrive at an agreement. The mediator generally does not give an overall evaluation of the case. Parties are assisted to come to a mutually satisfactory agreement.

A mediation is appropriate for most civil cases, i.e., cases involving ongoing business or personal relationships, multi-party cases, cases where equitable relief is sought, cases where the parties would benefit from the assistance and the counseling of a qualified neutral, and/or cases where lack of communication appears to be a barrier to resolving the case.

Mediation can be either Private or Judicial.

If the parties select Private Mediation the parties must arrange for the selection, timetable and compensation of the mediator and attach the agreement to the stipulation.

If the parties select Judicial Mediation an early conference date will be selected by the court. The parties will not be charged for the service.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SHASTA

Plaintiff(s),

Case No. _____

vs.

**STIPULATION -- ALTERNATIVE DISPUTE RESOLUTION**

Defendant(s).

The parties and their attorneys stipulate that all claims in this action shall be submitted to one of the following alternative dispute processes: (Select One Process)

1. ☐  Private Mediation. The parties agree on all the terms and conditions of private mediation. Their agreement is attached to this stipulation.

2. ☐  Judicial Mediation. The court will set the time and place for judicial mediation. No fee will be charged to the parties.

3. ☐  Private Arbitration. The parties agree on all the terms and conditions of binding arbitration. Their agreement is attached to this stipulation.

4. ☐  Judicial Arbitration. The court will make orders implementing non-binding arbitration. No fee will be charged to the parties.

5. ☐  Reference to a General Referee (CCP §638(1)). The parties agree to the person selected and to the terms and conditions of the reference and the payment of fees. Their agreement is attached to this stipulation.

6. ☐  Expedited Trial Program. The parties agree to the person selected to be judge and to the payment of costs. Their agreement is attached to this stipulation.

7. ☐  Other: (Please specify). _____

IT IS ALSO STIPULATED that (specify, e.g., deadline for completion of ADR process, suspension or limitation of discovery, etc.) _____

Date: _____

Date: _____

Name of Plaintiff _____

Name of Defendant _____

Signature _____

Signature _____

Plaintiff's Attorney _____

Defendant's Attorney _____

Signature _____

Signature _____

**IT IS SO ORDERED.**
IT IS ALSO ORDERED that: _____

**THE COURT RESERVES JURISDICTION TO AMEND, INTERPRET OR SUPPLEMENT THIS ORDER.**

Date: _____    Judge _____

Z:\Stipulation - ADR info doc/ajm

| | |
|---|---|
| 1 | LAW OFFICES OF<br>REINER, SIMPSON, TIMMONS |
| 2 | & SLAUGHTER<br>2851 Park Marina Drive, Suite 200 |
| 3 | Post Office Box 494940<br>Redding, CA  96049-4940 |
| 4 | (530) 241-1905<br>FAX (530) 241-0622 |
| 5 | Russell Reiner, State Bar No. 84461<br>Robert G. Simpson, State Bar No. 67556 |
| 6 | Duane H. Timmons, State Bar No. 51710<br>Todd E. Slaughter, State Bar No. 87753 |

**FILED**

**JUN 2 1 2006**

CLERK OF THE SUPERIOR COURT
BY: G. HEUSON, DEPUTY CLERK

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SHASTA

WILLIAM FINLEY, a minor, by and
through his guardian ad litem, Sara Finley,

    Plaintiff,

vs.

ROSE ART INDUSTRIES, INC., believed
to be a New Jersey corporation;
TOYS 'R' US, an unknown business entity;
MEGABLOKS, INC., a Canadian
corporation;
MEGA BRANDS, INC., a Canadian
corporation;
and DOES 1 through 100, inclusive,

    Defendants.

NO. 156964

FIRST AMENDED COMPLAINT FOR
DAMAGES

Plaintiff alleges:

## PRELIMINARY ALLEGATIONS

1.    Plaintiff WILLIAM FINLEY is a minor for whom a guardian ad litem will be

appointed and is an individual residing in the County of Shasta.

2.    Plaintiff is informed and believes and on that basis alleges that at all times

herein mentioned, defendant ROSE ART INDUSTRIES, INC. was and still is a New Jersey

1

1    corporation duly organized and existing under the laws of the State of New Jersey and doing
2    business in the County of Shasta, State of California.

3         3.    Plaintiff is informed and believes and on that basis alleges that at all times
4    herein mentioned, defendant TOYS 'R' US was and still is a business entity, form unknown
5    doing business in the County of Shasta , State of California.

6         4.    Plaintiff is informed and believes and on that basis alleges that at all times
7    herein mentioned, defendant MEGABLOKS, INC. was and still is a Canadian Corporation
8    and is the parent company of defendant Rose Art Industries, Inc. doing business in the
9    County of Shasta, State of California.

10        5.    Plaintiff is informed and believes and on that basis alleges that at all times
11   herein mentioned, defendant MEGA BRANDS, INC. was and still is a Canadian Corporation
12   and is the parent company of defendant Rose Art Industries, Inc. doing business in the
13   County of Shasta, State of California.

14        6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein
15   as Does 1 through 100, inclusive and therefore sues these defendants by such fictitious
16   names. Plaintiff will amend this complaint to allege their true names and capacities when
17   ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously
18   named defendants is responsible as hereinafter shown for the occurrences and injuries alleged
19   in this complaint.

20        7.    That at all times herein mentioned, each of the defendants was the agent,
21   servant, partner, joint venturer, franchisee and employee of each of the other defendants, and
22   in doing the things herein mentioned, was acting in the course and scope of the authority of
23   said agency, employment, service, partnership, joint venture and franchise, with the
24   permission and consent of their co-defendants.

25        8.    On or about August 5, 2005, plaintiff WILLIAM FINLEY, a minor, received a
26   Magnetix toy building set as a gift. The toy was purchased at the Toy 'R' Us store in
27   Redding, Shasta County, California.

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION (NEGLIGENCE)

### (As to all defendants)

9.     Plaintiff incorporates and realleges paragraphs 1 through 8 of the preliminary allegations and makes them a part of this first cause of action as though set forth fully herein.

10.     At all times herein mentioned, defendants, ROSE ART INDUSTRIES, INC.., MEGABLOKS, INC., MEGA BRANDS, INC. and Does 1 through 50, and each of them, were engaged in the business of manufacturing, assembling, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, and selling to wholesalers for consideration Magnetix brand toys and their component parts, ingredients, and constituents for resale to and use as toys by members of the general public.

11.     Defendant TOYS 'R' US is, and at times herein mentioned was, engaged in the business of selling at retail to members of the general public the above-described product known as Magnetix brand toys which were to be used as toys by the general public.

12.     At all times herein mentioned, defendants and each of them, manufactured, assembled, compounded, packaged, designed, distributed, tested, constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted, and sold certain Magnetix brand toys, and its component parts, ingredients, and constituents.

13.     At all times herein mentioned, defendants, and each of them, had a duty to properly manufacture, assemble, compound, test, inspect, package, label, distribute and market said product.

14.     At all times herein mentioned, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said Magnetix brand toys were devices of such a nature that if it was not properly manufactured, assembled, compounded, tested, inspected, packaged, labeled, distributed, and marketed for the use and purpose for which it was intended, it was likely to injure the person by whom it was used.

15.     Defendants, and each of them, so negligently and carelessly manufactured, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged,

1   labeled, distributed, recommended, displayed and sold the said product that the same was a
2   defective and dangerous product, and unsafe and unsuitable for the use and purpose for which
3   it was intended when used as recommended by defendants, and each of them.

4   16.   On or about August 5, 2005, plaintiff was using for its intended purpose
5   and/or in a reasonably foreseeable manner a Magnetix brand toy manufactured, assembled,
6   compounded, packaged, designed, distributed, tested, constructed, fabricated, analyzed,
7   recommended, merchandised, advertised, promoted and sold by defendants, and each of
8   them.

9   17.   As a result of the aforementioned negligence of the defendants, and each of
10  them, in the manufacture, assembly, compounding, testing, inspection, packaging, labeling,
11  distribution, recommendation, display, and sale of said product, said product failed,
12  dislodging magnets which were swallowed, thereby causing plaintiff severe, grievous and
13  serious injuries, as hereinafter described, and requiring plaintiff to undergo medical
14  treatment.

15  18.   As a legal result of the negligence of defendants, and each of them, plaintiff
16  suffered grievous personal injuries to his body and injury including intestinal and abdominal
17  scarring and injury to other internal organs and to plaintiff's nervous system, and great pain
18  and suffering; the full nature and extend of said injuries are not known to plaintiff and leave
19  is requested to amend this complaint to conform to proof at the time of trial; plaintiff is
20  informed and believes and thereon alleges that said injuries are permanent and by reason of
21  the foregoing, plaintiff has suffered general damages in an amount that is in excess of the
22  jurisdictional limits of this court.

23  19.   As a further legal result of the negligence of defendants, and each of them,
24  plaintiff has incurred, and will incur, medical, surgical, and other related expenses, the full
25  nature and extent of which are not yet known to plaintiff and leave is requested to amend this
26  complaint to conform to proof at the time of trial.

27  20.   As a further legal result of the negligence of defendants, and each of them,
28  plaintiff will incur, loss of income, wages, and other pecuniary losses, the full nature and

4<br>FIRST AMENDED COMPLAINT FOR DAMAGES

1 | extent of which are not yet known to plaintiff and leave is requested to amend this complaint
2 | to conform to proof at the time of trial.

3 | WHEREFOR, plaintiff prays for judgment as hereinafter alleged.

4 | SECOND CAUSE OF ACTION (BREACH OF EXPRESS WARRANTY)

5 | (As to all defendants)

6 | 21.   Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 8
7 | of the preliminary allegations and paragraphs 10 through 20 of the first cause of action of this
8 | complaint, and makes them a part of the instant cause of action as though fully set forth
9 | herein.

10 | 22.   At all times herein mentioned, on and prior to August 5, 2005, defendants, and
11 | each of them, utilized advertising media and other written materials to urge the use and
12 | application of said product and expressly warranted to plaintiff and other member of the
13 | general public that said product was effective, proper, and safe for its intended use.

14 | 23.   Plaintiff, both directly and through the sales representative at TOYS 'R' US,
15 | relied on the said express warranty representations of the defendants, and each of them, in the
16 | purchase of the said product, and said representations became a part of the basis of the
17 | bargain.

18 | 24.   Said express warranty representations were false in that said Magnetix brand
19 | toy dislodged magnets that were swallowed by plaintiff, and defendants, and each of them,
20 | thereby breached said warranty.

21 | 25.   The aforementioned swallowed magnets caused severe, grievous and serious
22 | injuries to plaintiff as hereinafter described.

23 | 26.   Plaintiff gave due and timely notice and by this complaint gives such notice of
24 | said breach of express warranty to defendants.

25 | 27.   As a legal result of said defects in said product, which defects resulted in the
26 | breach of express warranty by defendants, and each of them, as alleged above, plaintiff
27 | suffered grievous personal injuries including severe intestinal and abdominal scarring and
28 | damage to other internal organs and injury to plaintiff's nervous system, and great pain and

5
FIRST AMENDED COMPLAINT FOR DAMAGES

1  suffering; the full nature and extent of said injuries are not known to plaintiff and leave is
2  requested to amend this complaint to conform to proof at the time of trial; plaintiff is
3  informed and believes and thereon alleges that said injuries are permanent and by reason of
4  the foregoing, plaintiff has suffered general damages in an amount that is in excess of the
5  jurisdictional limits of this court.

6      28.    As a further legal result of said defects in said product resulting in the breach
7  of express warranty by defendants, and each of them, as alleged above, plaintiff will incur
8  future loss of income, wages and other pecuniary losses, the full nature and extent of which
9  are not yet known to plaintiff, and leave is requested to amend this complaint to conform to
10  proof at the time of trial.

11     29.    As a further legal result of the defects in said product resulting in the breach of
12  express warranty by defendants, and each of them, as alleged above, plaintiff has incurred,
13  and will incur, medical, surgical, and other related expenses, the full nature and extent and
14  amount of which are not yet known to plaintiff, and leave is requested to amend this
15  complaint to conform to proof at the time of trial.

16     WHEREFOR, plaintiff prays for judgment as hereinafter alleged.

17           **THIRD CAUSE OF ACTION (BREACH OF IMPLIED WARRANTY)**

18                          **(As to all defendants)**

19     30.    Plaintiff hereby incorporates by reference paragraphs 1 through 8 of the
20  preliminary allegations, paragraphs 10 through 20 of the first cause of action, paragraphs 22
21  through 29 of the second cause of action of this complaint and makes them a part of the
22  instant cause of action as though fully set forth herein.

23     31.    Prior to and at the time the defendants, and each of them, sold said product to
24  plaintiff, defendants, and each of them, impliedly warranted to plaintiff that said product was
25  of merchantable quality and fit for the use for which it was intended by the defendants,
26  namely as a child's toy.

27  / / /

28  / / /

6

32.   Plaintiff relied on the skill and judgment of defendants, and each of them, in the purchase and use of the subject Magnetix brand toy. In so purchasing the Magnetix brand toy, the product was used for its intended purpose and in a reasonably foreseeable manner.

33.   Said product was not in fact fit for its intended use, or of merchantable quality as warranted by defendants, in that it was subject to dislodging magnets, which could be swallowed by persons using the product.

34.   Said product in fact did dislodge magnets, which were swallowed by plaintiff, thereby causing plaintiff severe, grievous, and serious injuries, as hereinafter described.

35.   After plaintiff was injured by said product and in the time and in the manner and in the form prescribed by law, notice was given by plaintiff to defendants of the breach of said implied warranty.

36.   As a legal result of said defects in said product, resulting in the breach of implied warranty by defendants, and each them, as alleged above, plaintiff suffered grievous personal injuries including intestinal and abdominal scarring and injuries to other internal organs, and injury to plaintiff's nervous system, and great pain and suffering; the full nature and extent of said injuries are not known to plaintiff and leave is requested to amend this complaint to conform to proof at the time of trial; plaintiff is informed and believes and thereon alleges that said injuries are permanent and by reason of the foregoing, plaintiff has suffered general damages in an amount that is in excess of the jurisdictional limits of this court.

37.   As a further legal result of said defects in said product, resulting in the breach of implied warranty by defendants, and each of them, as alleged above, plaintiff has incurred, and will incur, medical, surgical, and other related expenses, the full nature and extent and amount of which are not yet known to plaintiff and leave is requested to amend this complaint to conform to proof at the time of trial.

38.   As a further legal result of said defects in said product, resulting in the breach of implied warranty by defendants, and each of them, as alleged above, plaintiff will incur, future loss of income, wages, and other pecuniary losses, the full nature and extent of which

1  are not yet known to plaintiff and leave is requested to amend this complaint to conform to

2  proof at the time of trial.

3        WHEREFOR, plaintiff prays for judgment as hereinafter alleged.

4                    FOURTH CAUSE OF ACTION (STRICT LIABILITY)

5                            (As to all defendants)

6       39.     Plaintiff hereby incorporates by reference paragraphs 1 through 8 of the

7  preliminary allegations, paragraphs 10 through 20 of the first cause of action, paragraphs 22

8  through 29 of the second cause of action and paragraphs 31 through 38 of the third cause of

9  action of this complaint, and makes them a part of the instant cause of action as though fully

10 set forth herein.

11      40.     Defendants, and each of them, manufactured, assembled, compounded,

12 packaged, designed, distributed, tested, constructed, fabricated, analyzed, recommended,

13 merchandised, advertised, promoted, and sold a product called Magnetix and its component

14 parts, ingredients, and constituents, which was intended by defendants, and each of them, to

15 be used as a child's toy.

16      41.     Defendants, and each of them, knew that said product would be purchased and

17 used without inspection for defects by plaintiff.

18      42.     Said product was unsafe for its intended use by reason of defects in its

19 manufacture, assembly, design, ingredients and contents in that it was subject to dislodging

20 magnets which could be swallowed by users.

21      43.     Said product did in fact dislodge magnets and were swallowed by plaintiff in

22 or about August 5, 2005, thereby causing plaintiff severe, grievous, and serious injuries as

23 hereinafter described.

24      44.     As a legal result of the defective condition of said Magnetix brand toy, as

25 alleged herein, plaintiff suffered grievous personal injuries including intestinal and abdominal

26 scarring and injury to other internal organs, and injury to plaintiff's nervous system, and great

27 pain and suffering; the full nature and extent of said injuries are not known to plaintiff and

28 leave is requested to amend this complaint to conform to proof at the time of trial; plaintiff is

1    informed and believes and thereon alleges that said injuries are permanent and by reason of

2    the foregoing, plaintiff has suffered general damages in an amount that is in excess of the

3    jurisdictional limits of this court.

4            45.     As a further legal result of the defective condition of said Magnetix brand toy,

5    as alleged herein, plaintiff has incurred, and will incur, medical, surgical, and other related

6    expenses, the full nature and extent and amount of which are not yet known to plaintiff and

7    leave is requested to amend this complaint to conform to proof at the time of trial.

8            46.     As a further legal result of the defective condition of said product, as alleged

9    herein, plaintiff will incur future loss of income, wages, and other pecuniary losses, the full

10    nature and extent of which are not yet known to plaintiff and leave is requested to amend this

11    complaint to conform to proof at the time of trial.

12         WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

13    follows:

14        1.      For general damages according to proof.

15        2.      For medical and related expenses according to proof.

16        3.      For loss of income and wages according to proof.

17        4.      For prejudgment interest as allowed by law.

18        5.      For costs of suit incurred herein.

19        6.      For such other and further relief as the court may deem proper.

20    Dated: June 21, 2006                    REINER, SIMPSON, TIMMONS

21                                        & SLAUGHTER

22

23                                 By _____
                                       ROBERT G. SIMPSON

24                                        Attorneys for Plaintiff

25

26

27

28

9

Exhibit "B"

1   ANDREA M. MILLER [SBN: 88992]
**NAGELEY, MEREDITH & MILLER, INC.**
2   8001 Folsom Boulevard, Suite 100
Sacramento, CA  95826
3   Telephone: (916) 386-8282
Facsimile:  (916) 386-8952
4   E-Mail: amiller@nmlawfirm.com

5   Attorney for Defendant ROSE ART INDUSTRIES, INC. AND TOYS R US, INC.

6

7
              IN THE UNITED STATES DISTRICT COURT
8
           FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10

11   WILLIAM FINLEY by and through his          )   **Case No.:**
     Guardian Ad Litem, SARA FINLEY,            )
12                                              )
              Plaintiff,                        )   **DECLARATION OF JENNIFER**
13                                              )   **ZERCZY IN SUPPORT OF REMOVAL**
         vs.                                    )
14                                              )
     ROSE ART INDUSTRIES, INC., TOYS "r"        )
15   US, MEGABLOKS, INC., MEGA BRANDS,          )
     INC., and DOES 1 through 100, inclusive,   )
16                                              )   **TRIAL DATE:**  Not applicable
              Defendants.                       )
17   _____        )

18   Jennifer Zerczy declares as follows:

19
         1.    I am Director, Legal Affairs, for MEGA BRANDS INC., formerly known as
20
     MEGA BLOKS INC., both of which are named as defendants in the above-captioned
21
     matter.
22
         2.    I can attest that defendant MEGA BLOKS INC. was incorporated under the
23
     laws of Canada and maintained its principal place of business in Montreal, Quebec,
24
     Canada, since its incorporation.
25
         3.    I can further attest that the shareholders of MEGA BLOKS INC. approved a
26
     name change on June 15, 2006, and it is now known as MEGA BRANDS INC.
27
     Defendant MEGA BRANDS INC. is not, therefore, separately incorporated, but is the
28
                                           - 1

successor to MEGA BLOKS INC. and, as such, is incorporated in Canada and maintains its principal place of business in Montreal, Quebec, Canada.

4.     Defendant ROSE ARTS INDUSTRIES, INC., now known as MEGA BRANDS AMERICA, INC., is a wholly owned subsidiary of defendant MEGA BRANDS INC., incorporated in the State of New Jersey and maintaining its principal place of business there.

5.     Service of the complaint was made on ROSE ARTS INDUSTRIES, INC. by certified mail and that complaint was accompanied by a letter from plaintiff's counsel dated June 30, 2006.  A true and correct copy of that letter is attached hereto as Exhibit 1.

6.     To my personal knowledge no separate service has been made on MEGA BRANDS INC. or its predecessor, MEGA BLOKS INC.

7.     The complaint was received by ROSE ARTS INDUSTRIES, INC./MEGA BRANDS AMERICA, INC., on July 7, 2006, in its New Jersey corporate office.

8.     I am aware that defendants ROSE ARTS INDUSTRIES, INC. and TOYS "R" US are removing this action to the federal district court and, on behalf of my clients MEGA BLOKS INC. and MEGA BRANDS INC., I concur in that decision and agree to the action being taken.

The foregoing is true of my personal knowledge and if called upon I could so testify.  Executed this 26th day of July, 2006, under penalty of perjury pursuant to the laws of the State of California, in Montreal, Quebec, Canada.

JENNIFER ZERCZY

-2

Exhibit "C"

*— DO NOT FILE WITH THE COURT —*
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO : (530) 241-1905 | FOR COURT USE ONLY |
|---|---|---|
| Robert G. Simpson, Bar #067556 Reiner, Simpson, Timmons & Slaughter P. O. Box 494940 Redding, CA 96049-4940 | | |

ATTORNEY FOR *(name):* William Finley, a minor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Shasta
STREET ADDRESS   1500 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Redding, CA 96001
BRANCH NAME:

PLAINTIFF:  WILLIAM FINLEY, a minor
DEFENDANT:  ROSE ART INDUSTRIES, INC., et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 156964 |
|---|---|

To *(name of one defendant only):*   ROSE ART INDUSTRIES, INC.
Plaintiff *(name of one plaintiff only):*   WILLIAM FINLEY, a minor, by and through his Guardian ad Litem
seeks damages in the above-entitled action, as follows:   Sara Finley

1. General damages                                                                            AMOUNT
   a. [X] Pain, suffering, and inconvenience .............. In excess of .............. $ 10,000,000.00
   b. [ ] Emotional distress ............................................. $ _____
   c. [ ] Loss of consortium ............................................. $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ............... $ _____
   e. [ ] Other *(specify)* ............................................. $ _____
   f. [ ] Other *(specify)* ............................................. $ _____
   g. [ ] Continued on Attachment 1.g.

2. Special damages
   a. [X] Medical expenses *(to date)*.................. In excess of .............. $ 40,631.47
   b. [X] Future medical expenses *(present value)* ........................ $ To be det.
   c. [ ] Loss of earnings *(to date)* ..................................... $ _____
   d. [X] Loss of future earning capacity *(present value)*..................... $ To be det.
   e. [ ] Property damage ............................................. $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)*...................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* .......... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ...... $ _____
   i. [ ] Other *(specify)* ............................................. $ _____
   j. [ ] Other *(specify)* ............................................. $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify).* $ _____
      when pursuing a judgment in the suit filed against you.

Date:   June 21, 2006 .

Robert G. Simpson, Bar #067556
(TYPE OR PRINT NAME)                         (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
                        (Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982(a)(24) [New January 1, 1997]
Mandatory Form

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)     Legal Solutions  Code of Civ. Procedure, §§ 425.11, 425.115

$Exhibit$ " $D$"

1   ANDREA M. MILLER [SBN: 88992]
    **NAGELEY, MEREDITH & MILLER, INC.**
2   8001 Folsom Boulevard, Suite 100
    Sacramento, CA  95826
3   Telephone: (916) 386-8282
    Facsimile:  (916) 386-8952
4   E:Mail:  amiller@nmlawfirm.com

5

6   Attorneys for Defendants
    ROSE ART INDUSTRIES, INC. AND TOYS R US, INC.
7

8

9                     IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  WILLIAM FINLEY by and through his          )   **Case No.:**
    Guardian Ad Litem, SARA FINLEY,            )
13                                             )
                                               )
14          Plaintiff,                         )   **DECLARATION OF KAREN McCANN**
                                               )   **IN SUPPORT OF REMOVAL OF**
15      vs.                                    )   **ACTION**
                                               )
16  ROSE ART INDUSTRIES, INC., TOYS "R"        )
    US, MEGABLOKS, INC., MEGA BRANDS,          )
17  INC., and DOES 1 through 100, inclusive,   )
                                               )
18          Defendants.                        )
                                               )
19                                             )   **TRIAL DATE:**  Not Applicable
                                               )
20  _____)

21  Karen McCann declares as follows:

22          1.      I hold the title of Manager, General Liability Claims, for Toys "R" Us,

23  Delaware, which is the proper name for the corporation sued.  The summons and

24  complaint were received in my office on Jul 5, 2006.

25          2.      I can attest that TOYS "R" US is incorporated in the State of Delaware, and

26  has its corporate offices and principal place of business in the State of New Jersey.

27

28

                                            - 1 -

1    The foregoing is true of my personal knowledge and if called upon I could so

2    testify.  Executed this 24 day of July, 2006, under penalty of perjury pursuant to the laws

3

4

5                                        KAREN McCANN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
William Finley, by and through his Guardian ad Litem, Sara Finley

**DEFENDANTS**
Rose Art Industries, Inc., Toys "R" Us, Megabloks, Inc., Mega Brands, Inc., and Does 1 through 100, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Shasta County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert G. Simpson, Esq.
Reiner, Simpson, Timmons & Slaughter
P.O. Box 494940
Redding, CA 96049

Attorneys (If Known)
Andrea M. Miller, Esq.
Nageley, Meredith & Miller, Inc.
8001 Folsom Boulevard, Suite 100
Sacramento, CA 95826

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff
□ 2 U.S. Government Defendant
□ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding
☒ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify):
□ 6 Multi-District Litigation
□ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** □ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 10,040,631.47

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1441(b) and 1334

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities /Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | ☒ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 891 Agricultural Act | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | SOCIAL SECURITY |
| □ 892 Economic Stabilization Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 893 Environmental Matters | □ 196 Franchise | | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 894 Energy Allocation Act | REAL PROPERTY | | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 895 Freedom of Info. Act | □ 210 Land Condemnation | | | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 220 Foreclosure | | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 890 Other Statutory Actions | □ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No □ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

EDCA-JS44 (01/05)    CIVIL COVER SHEET    Page 1 of 2