ANDREA M. MILLER [SBN: 88992]
**NAGELEY, MEREDITH & MILLER, INC.**
8001 Folsom Boulevard, Suite 100
Sacramento, CA  95826
Telephone: (916) 386-8282
Facsimile:  (916) 386-8952

Attorneys for ROSE ART INDUSTRIES, INC. AND TOYS R US, INC.

KRISTEN K. PRESTON [SBN: 125455]
**JONES & DYER**,
A Professional Corporation
1800 J. Street
Sacramento, CA 95814
Telephone: (916) 352-5959
Facsimile:  (916) 442-5959

Attorneys for MEGA BRANDS, INC.

ROBERT G. SIMPSON [SBN: 67556]
**LAW OFFICES OF REINER, SIMPSON,**
   **TIMMONS & SLAUGHTER**
2851 Park Marina Drive
P. O. Box 49490
Redding, CA  96049-4940
Telephone:  (530) 241-1905
Facsimile:   (530) 241-0662

Attorneys for Plaintiff WILLIAM FINLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FINLEY by and through his Guardian Ad Litem, SARA FINLEY, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>ROSE ART INDUSTRIES, INC., et al., <br><br>　　　　　　Defendant. | **Case No.: 2:06-CV01661-DEL-CMK** <br><br>**STIPULATION AND ORDER TO AMEND PRETRIAL SCHEDULING ORDER** <br><br><br>**TRIAL DATE:** June 28, 2008 |

All parties to this matter, by and through their counsel of record, stipulate that the Scheduling Conference Order issued by this Court on December 19, 2006, be amended to extend the time for disclosure of experts from June 1, 2007 to August 1, 2007. Defendants ROSE ART INDUSTRIES, INC. and TOYS "R" US are represented by Andrea M. Miller of the law firm of Nageley, Meredith & Miller, Inc., Defendant MEGA BRANDS, INC. is represented by Kristen Preston of the law firm of Jones & Dyer, and plaintiff WILLIAM FINLEY, through his Guardian Ad Litem SARA FINLEY, is represented by Robert G. Simpson of the Law Offices of Reiner, Simpson, Timmons & Slaughter

The Pre-Trial Scheduling Order, issued on December 19, 2006, requires disclosure of experts, including expert witness reports, on June 1, 2007.  The parties recognize that, given the existing facts and circumstances of this case, the date for disclosure cannot be met and must be extended.  These facts were not yet fully developed at the time that the parties filed their Joint Scheduling Conference Statement pursuant to which the Court issued the Order that the parties now seek to amend.

Plaintiff is currently a 6 year old child.  The complaint filed on his behalf alleges that on or about August 5, 2005, the minor ingested magnets from a toy that resulted in perforations in his cecum discovered during surgery.  Plaintiff contends that there are on-going medical issues resulting from the surgery.  Plaintiff is currently scheduling appointments with physicians to complete testing and provide defendants sufficient information to request an Independent Medical Examination.

Pediatric gastroenterologist Richard Quan, M.D. examined the minor plaintiff in September 2006.  At that time, the minor's mother reported that the minor experienced daily bouts of diarrhea.  As of the date of that examination, Dr. Quan recommended additional diagnostic testing in the event the minor continued to experience diarrhea.  To the knowledge of Dr. Quan, no testing has been performed.

The mother, Sarah Finley, has recently testified that this diarrhea problem persists and is sufficiently severe to have compelled Ms. Finley to not start the minor in school as a kindergartener in the fall of 2006.  At the time of deposition, MS. Finley had not been able to pursue the recommended diagnostic testing and had not yet scheduled an appointment with any physician for further examination or testing of the minor's condition.  Ms. Finley is in the process of pursuing the testing issue with the plaintiff's surgeon.

The ongoing medical condition of the minor plaintiff and his prognosis is a central issue in this case in terms of the scope of damages, at a minimum.  Any attempt to meet the presently-scheduled disclosure date will result in less than complete and satisfactory expert reports.  Any such reports as would be filed would doubtless require modification once plaintiff's contentions are made more clear and his medical condition is fully documented.

Plaintiff alleges that he ingested magnets from a toy manufactured and distributed by the defendants.  Issues exist with regard to the actual product identification and the retailer from which the product was purchased as well as disposal of the product prior to notification to defendants regarding plaintiff's allegations.  Plaintiff Sarah Finley has testified that her husband Adam Finley and his mother Rebecca Gould are the persons most knowledgeable on behalf of plaintiff.  The depositions of these witnesses are currently being arranged.  The testimony of these witnesses may necessarily impact the ability of experts retained to address liability issues in this case and, therefore, to provide complete and satisfactory expert reports.

Trial in this matter is scheduled for January 28, 2008.  Discovery is scheduled to close on August 10, 2007.  The parties currently have scheduled with Magistrate Judge Ed Brennan an early settlement conference on May 31, 2007.  No previous extensions of dates included in the initial scheduling order have been requested by the defendants.  It

is not anticipated by the parties that extending the time for disclosure of expert witnesses from June 1, 2007 to August 1, 2007 will, at least at this juncture, affect any other scheduled dates.

The Federal Rules of Civil Procedure, Rule 16(b), "good cause" standard applied in consideration of an application such as this is met in this case. As the Ninth Circuit Court of Appeals held in <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the moving parties must show that it has good cause for the amendment it seeks and that even with the exercise of due diligence they cannot meet the order's timetable.

The parties will not have a complete medical record to provide to an expert prior to the disclosure date. Neither will the parties have a complete history of the product, its purchase, use and disposition. The factual basis regarding these issues is exclusively within the control of plaintiff or witnesses within plaintiff's control. Defendants have diligently pursued discovery on these issues. Circumstances have prevented the fruition of the discovery plan agreed to by the parties. Diligence is reflected in this factual history and by the fact that the parties are making this motion. Requiring the parties to proceed under these conditions risks a complete inability to present competent evidence regarding several key issues in the case.

For the foregoing reasons, defendants request that the court amend the scheduling order as requested.

DATED: May 16, 2007                                NAGELEY, MEREDITH & MILLER, INC.


By:      /s/ Andrea M. Miller
ANDREA M. MILLER
Attorneys For ROSE ART INDUSTRIES,
INC. AND TOYS R US, INC.

DATED: May 16, 2007                    JONES & DYER


                                       By:    /s/ Kristen R. Preston
                                              KRISTEN R. PRESTON
                                       Attorneys for MEGA BRANDS, INC.


DATED: May 16, 2007                    REINER, SIMPSON, TIMMONS &
                                       SLAUGHTER


                                       By:   /s/ Robert G. Simpson
                                              ROBERT G. SIMPSON
                                       Attorneys for Plaintiff WILLIAM FINLEY

ORDER

The Court, having read the foregoing stipulation and being fully apprised of all the facts and circumstances hereby orders that the Scheduling Order of December 19, 2006, be amended to reflect that expert disclosure shall be made on August 1, 2007, rather than June 1, 2007.

IT IS SO ORDERED.

Dated: May 21, 2007

                                       /s/ David F. Levi
                                       UNITED STATES DISTRICT COURT JUDGE